UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:14-cr-64-JDL |
| PAUL HENRY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION *IN LIMINE***

**I. INTRODUCTION AND FACTUAL BACKGROUND**

Defendant Paul Henry is charged with sexual exploitation of a child by producing child pornography in violation of 18 U.S.C. § 2251(a). ECF No. 3 at 1. His indictment arises from the discovery of video recordings on an iPhone which, the government contends, depict him, then age 24, engaged in sexual activity with M.V., who was then 15. *Id.* at 5; ECF No. 51 at 1. Henry asserts that the videos were made with M.V.'s consent and that M.V. had told him, and he believed, that she was 19-years-old. ECF No. 51 at 1. His motion *in limine* asks for a ruling on whether mistake of age is an affirmative defense that he may raise at trial. *Id.* at 5. I conclude that the defense is not available.

**II. LEGAL ANALYSIS**

The specific question presented is whether a defendant charged with the production of child pornography under 18 U.S.C. § 2251(a) may claim a mistake of

1

age as to the child as an affirmative defense. There is no explicit scienter element in § 2251(a) requiring proof that the defendant knew the minor's age at the time of the offense, and the statute does not explicitly provide for any affirmative defenses on that basis. *See* 18 U.S.C. § 2251 (2012). The section's legislative history reflects that Congress acted purposefully in not making it "a necessary element of a prosecution that the defendant knew the actual age of the child." H.R. REP. NO. 95-811, at 5 (1977) (Conf. Rep.); *see also* S. REP. NO. 95-601, at 5 (1977) (Conf. Rep.). Every Circuit that has considered the issue has concluded that there is no scienter requirement and that the statute does not authorize an affirmative defense for a reasonable mistake of age. *See United States. v. Fletcher*, 634 F.3d 395, 400-401 (7th Cir. 2011); *United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010); *United States v. Malloy*, 568 F.3d 166, 171-72 (4th Cir. 2009); *United States v. Wilson*, 565 F.3d 1059, 1066 (8th Cir. 2009); *United States v. Deverso*, 518 F.3d 1250, 1257 (11th Cir. 2008); *United States v. United States District Court for the Central District of California*, 858 F.2d 534, 538 (9th Cir. 1988). Henry does not argue otherwise, but instead contends that a mistake of age defense must be available to him in order to satisfy the requirements of the First and Fifth Amendments of the United States Constitution.

**A.    First Amendment**

The First Circuit has not yet addressed whether the First Amendment requires reading a mistake of age defense into § 2251(a). Elsewhere, the issue is the subject of a circuit split. Henry takes much of his argument here from *District Court*, where the Ninth Circuit held that it was necessary to "engraft" an affirmative defense onto § 2251(a) in order to save it from constitutional infirmity. *District Court*, 858 F.2d at

542. Noting that "the first amendment does not permit the imposition of criminal sanctions on the basis of strict liability where doing so would seriously chill protected speech," the court expressed concern that producers of legitimate adult pornography would be deterred from exercising their First Amendment rights if strict liability attached for mistakenly employing any underage actor or actress. *Id.* at 540. Accordingly, the court held that a defendant charged with violating § 2251(a) may avoid liability by showing "by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the actor or actress was under 18 years of age." *Id.* at 543.

Since *District Court* was decided, however, every circuit court of appeals to consider the issue has reached the opposite conclusion. *See Fletcher*, 634 F.3d at 404; *Humphrey*, 608 F.3d at 962; *Malloy*, 568 F.3d at 173; *Wilson*, 565 F.3d at 1069; *Deverso*, 518 F.3d at 1258. These courts have examined the issue through the lens of the First Amendment's over-breadth doctrine, assessing whether § 2251(a) chills a substantial amount of protected speech to such a degree so as to outweigh the governmental interest involved. *See, e.g.*, *Fletcher*, 634 F.3d at 402; *Malloy*, 568 F.3d at 174; *Wilson*, 565 F.3d at 1069. Unlike the Ninth Circuit, these courts have found that if the strict liability of § 2251(a) poses any risk of suppressing protected speech, that risk is slight. *See Fletcher*, 634 F.3d at 404 ("[W]e consider it unlikely that pornography production will be *substantially* chilled"); *Malloy*, 568 F.3d at 175 ("[Section] 2251(a) does not pose a substantial risk of chilling protected expression.").

I see no sound basis to assume, solely as a matter of logic and without any proof, that § 2251(a) chills in any substantial way the production of lawful adult pornography. *See Fletcher*, 634 F.3d at 404 (finding § 2251(a) constitutional as written when defendant "presented no evidence that legitimate producers of pornography . . . are deterred by the existence of strict liability statutes."). Without a showing that § 2251(a) chills a substantial amount of protected activity, the expressive interests protected by the First Amendment at stake here cannot outweigh the government's "indisputably compelling interest" in protecting children from sexual exploitation. *See Fletcher*, 634 F.3d at 402. I conclude that the First Amendment does not support engrafting a mistake of age defense onto § 2251(a).

**B.     Fifth Amendment**

Henry next contends that the denial of his presentation of a mistake-of-age defense to a charge of violating § 2251(a) will violate his Fifth Amendment right to due process of law; specifically, his due process right to present a complete defense to the charge brought against him.

A criminal defendant has a "wide-ranging right to present a defense." *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001). As the First Circuit has recently explained, whether rooted in the guarantee of due process or the Sixth Amendment, "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. However, an accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *United States v. Brown*, 669 F.3d 10, 20 (1st Cir. 2012) (internal citations and quotations omitted).

4

Here, Henry's due process right to present a complete defense will not be impaired by his inability to present a mistake-of-age defense. Whether he had or lacked knowledge of M.V.'s age is not relevant to the elements of the crime for which he is charged, nor does it bear on the applicability of the 15-year mandatory minimum sentence that the court must impose if he is found guilty. Accordingly, Henry's purported mistake as to M.V.'s age is not relevant as to whether a jury can find by proof beyond a reasonable doubt that he committed the crime and, if so, whether the court must sentence him to a 15-year mandatory minimum term of imprisonment.

Henry also argued at the hearing on his motion that a Fifth Amendment due process violation arises simply by virtue of having a mandatory minimum sentence attach to a strict liability crime. He asserts that § 2251(a)'s imposition of strict liability coupled with the "draconian" 15-year mandatory minimum sentence that he will face if convicted, *see* 18 U.S.C. § 2251(e), combine to deprive him of due process.

The First Circuit considered a similar issue in *McQuoid v. Smith*, 556 F.2d 595, 598-99 (1st Cir. 1977), holding that a defendant's due process rights were not violated when he was subject to a one-year irreducible sentence for carrying a firearm without a license – a strict liability offense. The court observed that the asserted severity and inflexibility of the mandatory minimum sentence "relates to whether the penalty is so grossly disproportionate as to violate the eighth amendment. . . [and, if not] these qualities do not render it any more violative of the due process clause." *Id.* at 599; *see also Chapman v. U.S.*, 500 U.S. 453, 467 (1991) (noting long history of finding determinate sentences constitutional). The fifteen-year mandatory minimum

5

sentence Henry faces if convicted is far greater here, but so is the seriousness of the conduct alleged. I see no basis to depart from the reasoning of *McQuoid*, and accordingly find that § 2251(a) and (e)'s statutory scheme is not *per se* violative of the Fifth Amendment.

### III. CONCLUSION

For the foregoing reasons, Henry's motion *in limine* is **DENIED**.

**SO ORDERED**.

/s/ Jon D. Levy
U.S. District Judge

This 25th day of November, 2014.