UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL HENRY, )<br>)<br>Petitioner, )<br>)    2:14-cr-00064-JDL<br>v. )    2:18-cv-00167-JDL<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Paul Henry moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 99.) Following a guilty plea, Petitioner was convicted of two counts of sexual exploitation of a minor; the Court sentenced Petitioner to 180 months in prison. (Judgment, ECF No. 83 at 1-2.) The First Circuit affirmed the conviction on appeal. *United States v. Henry*, 827 F.3d 16 (1st Cir. 2016), *cert. denied*, 137 S. Ct. 374 (2016).

Petitioner alleges his counsel was ineffective because counsel failed to argue that conduct did not involve interstate commerce, and failed to argue the Court lacked subject matter jurisdiction. (Motion at 4-6.) The Government moved for dismissal. (Response, ECF No. 104.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2015, Petitioner was convicted of two counts of sexual exploitation of a minor, 18 U.S.C. § 2251(a), (e). (Judgment at 1.) The Court sentenced Petitioner to a prison term of 180 months on each of the counts, to run concurrently, to be followed by terms of five years of supervised release on each of the counts, to run concurrently. (*Id.* at 2-3.)

Petitioner appealed from the conviction on the two issues reserved by agreement with the Government as part of Petitioner's conditional guilty plea: "the district court's determination that he was not entitled to raise a 'mistake of age' defense; and the district court's denial of his motion to suppress evidence found or seized in connection with a search of Henry's motel room." *Henry*, 827 F.3d at 19. The First Circuit affirmed. *Id.* On October 31, 2016, the Supreme Court denied Petitioner's petition for a writ of certiorari. *Henry*, 137 S. Ct. 374.

Petitioner filed an unsigned motion on April 23, 2018. (Motion at 1, 13.) The Court ordered Petitioner to file a signed petition, and Petitioner complied. (Order, ECF No. 100; Motion, ECF No. 101 at 13.)

The Government filed a response in which it moved for dismissal of Petitioner's section 2255 motion as untimely.[1] (Response, ECF No. 104.)

---

[1] The Government requested permission to file a supplemental response to address the merits of Petitioner's 28 U.S.C. § 2255 motion if the Court does not dismiss the motion for lack of timeliness. (Response, ECF No. 104 at 2 n.1.)

## II. DISCUSSION

The timeliness of a section 2255 motion is governed by section 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's collateral challenge to the judgment of conviction is not timely under any of the provisions of section 2255(f). Concerning section 2255(f)(1), the limitation period for filing the section 2255 motion started to run on October 31, 2016, when the Supreme Court denied certiorari, and it expired one year later, on October 31, 2017. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner filed his section 2255 motion on April 23, 2018, which was after the limitation period had expired under section 2255(f)(1). None of the other sections

(2255(f)(2), (3), or (4)), is relevant to Petitioner's case: Petitioner does not allege, nor does the record support, a finding that the Government imposed an unconstitutional or illegal impediment to a timely filing (section 2255(f)(2)); Petitioner does not rely on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (section 2255(f)(3)); and Petitioner does not allege newly discovered facts in support of his section 2255 claims (section 2255(f)(4)).

Petitioner, however, alleges he is entitled to the tolling of the limitation period based on a letter evidently signed by an official at a federal correctional facility; the letter states in relevant part that Petitioner had been transferred from one facility to another, and "[b]etween October 5, 2017, through December 21, 2017, [Petitioner] would not have had access to his personal property." (Motion at 12; Letter, ECF No. 99-1.) The letter addresses only the last 26 days of the 365-day limitation period, from October 5, 2017, when Petitioner's prison transfer allegedly started, to October 31, 2017, when the limitation period expired.

The First Circuit has held "that section 2255(f) is non-jurisdictional" and the one-year limitation period "is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011). "A habeas petitioner bears the burden of establishing the basis for equitable tolling. To carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 323 (citation and quotation marks omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Equitable tolling affords the otherwise time-barred petitioner

4

an exceedingly narrow window of relief." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (alteration and quotation marks omitted).

Because equitable tolling must be based on circumstances that prevented a timely filing, allegations in support of equitable tolling necessarily must relate, at least in part, to circumstances that existed during the limitation period. *See id.; Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (per curiam) ("Put simply, the petitioner must satisfy the court that circumstances beyond his control prevented him from filing his motion within the one-year window provided by section 2255(f)."); *Burks v. Kelley*, 881 F.3d 663, 664 (8th Cir. 2018) ("[W]e conclude that Burks is not entitled to equitable tolling [of the one-year limitation period under 28 U.S.C. § 2244(d)(1) for a claim under 28 U.S.C. § 2254], because he did not demonstrate reasonable diligence during the limitations period."); *Ramos-Martínez*, 638 F.3d at 321 & n.3 (noting sections 2244(d) and 2255(f) have "virtually identical" language setting forth a one-year limitation period).

Here, Petitioner's transfer to another prison is insufficient to demonstrate that extraordinary circumstances prevented him from filing a timely section 2255 motion. *Cf. Ramos-Martínez*, 638 F.3d at 323-24, 326 (noting the petitioner alleged limited education and language issues, in addition to a period involving prison transfers and isolation; concluding that "[a]lthough any one of these factors, standing alone, may be insufficient to excuse a failure to file a timely habeas petition, the whole may be greater than the sum of the parts;" and remanding for further development of the record) (citation omitted); *Clemons v. Kansas*, 384 F. App'x 734, 736-37 (10th Cir. 2010) (concluding "[t]ransfers from one prison system to another are a routine practice," and

do not amount to extraordinary circumstances for purposes of equitable tolling, absent specific facts concerning how the transfer affected the petitioner's ability to file a timely petition) (quotation marks omitted). Petitioner has not alleged extraordinary circumstances, and therefore, he is not entitled to the benefit of equitable tolling.

Even if Petitioner's lack of access to his personal property between October 5, 2017, and December 21, 2017, were considered a basis for equitable tolling, Petitioner's motion is untimely. According to Petitioner, the period relevant to tolling, *i.e.*, the period during which he did not have his personal property due to the prison transfer, started on October 5, 2017. By that time, 339 days of the 365-day limitation period had run. Assuming that equitable tolling would have paused the running of the limitation period from October 5, 2017, through December 21, 2017, the limitation period would have started to run again on December 22, 2017, and it would have expired 26 days later, on January 17, 2018. *See Eberle v. Warden*, 532 F. App'x 605, 609 (6th Cir. 2013) ("Tolling . . . can only serve to pause a clock that has not yet fully run; it does not revive the limitations period or restart the clock at zero.") (quotation marks omitted). Petitioner's April 2018 filing of the section 2255 motion thus occurred after the limitation period expired, regardless of whether equitable tolling applied.

In sum, Petitioner failed to file his section 2255 motion within the limitation period set forth in section 2255(f), Petitioner is not entitled to equitable tolling, and, if equitable tolling applied, Petitioner's filing would nevertheless be untimely. Dismissal of the Petitioner's section 2255 motion, therefore, is warranted.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of October, 2018.